24 C.C.P.A.(Patents)

### In re McLEAN et al. *
### Patent Appeal No. 3743.

Court of Customs and Patent Appeals.
Feb. 8, 1937.

*Rehearing denied March 22, 1937.

Ellis S. Middleton, of New York City, and Walter M. O'Brien, of Washington, D. C., for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting claims 18, 19, 20, and 22 of appellants' application. Certain claims were allowed.

Claim 18 is illustrative and reads as follows: "18. A method of washing fruit and the like to remove spray materials from the surface thereof which includes applying to the fruit a solution containing a small proportion of hydrochloric acid and an alkali metal salt of a sulphonated phenol compound."

Appellants' application is for a reissue of their patent No. 2,003,005, issued May 28, 1935. Claim 2 is illustrative of the claims of the patent and reads as follows: "2. A method of washing fruit and the like to remove spray material from the surface thereof which includes applying to the fruit a solution containing a small proportion of hydrochloric acid and a sulphonated aromatic hydrocarbon."

The principal ground of rejection by the examiner, and the only ground considered by the board, was that the reissue application discloses and claims new matter not disclosed in the original application upon which the patent was issued, and for that reason the claims are not allowable in appellants' reissue application.

Appellants in their original application did not specifically disclose or claim that element of claim 18, above quoted, reading as follows: "an alkali metal salt of a sulphonated phenol compound." The same is true of the corresponding elements of the other claims on appeal. In other words, the claims here involved are for species of a generic invention, such generic inven-

tion being disclosed in the original application, but not any species thereof.

Appellants concede that the disclosure of species in the reissue application would have been new matter if presented in the form of amendments to the original application while it was being prosecuted in the Patent Office, and would not have been allowable therein. They contend, however, that under section 4916 of the Revised Statutes (as amended by Act May 24, 1928, (35 U.S.C.A. § 64) the reissue application is proper and the claims before us are allowable.

In their brief before us appellants state: "There are no controversial facts involved. The only question to be decided here is whether or not, as a matter of law, certain parts of the specification not appearing in the original patent and Claims 18, 19, 20, and 22 may be permitted in a reissue of applicants' patent 2,003,005 under section 4916 of the Revised Statutes."

Section 4916 of the Revised Statutes (as amended) reads as follows: "Sec. 4916. Whenever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a patent for the same invention, and in accordance with the corrected specification, to be reissued to the patentee or to his assigns or legal representatives, for the unexpired part of the term of the original patent. * * * Every patent so reissued, together with the corrected specifications, shall have the same effect and operation in law, on the trial of all actions for causes thereafter arising, as if the same had been originally filed in such corrected form; *but no new matter shall be introduced into the specification, nor in case of a machine patent shall the model or drawings be amended, except each by the other; but when there is neither model nor drawing, amendments may be made upon proof satisfactory to the commissioner that such new matter or amendment was a part of the original invention, and was omitted from the specification by inadvertence, accident, or mistake, as aforesaid.*" (Italics ours.)

It is the concluding portion of the section, italicized in the above quotation, upon which appellants rely; there being neither a model nor drawings in their original application, nor in their reissue application.

The construction to be given to the concluding portion of said section has never been settled by the courts, although the provision has often been referred to.

In the case of Giant Powder Co. v. California Powder Works, 98 U.S. 126, 138, 25 L.Ed. 77, the court said, with reference to the portion of section 4916 here under consideration: "The counsel for the complainant refers us to, and places special reliance on, the last clause of section 53 of the act of 1870, where it is said: 'But where there is neither model nor drawing, amendments may be made upon proof satisfactory to the commissioner that such new matter or amendment was a part of the original invention, and was omitted from the specification by inadvertence, accident, or mistake.' But this clause relates only to the evidence which may be employed by the commissioner in ascertaining the defects of the specification. It does not authorize him to grant a reissue for a different invention, or to determine that one invention is the same as another and different one; or that two inventions essentially distinct constitute but one. In this case, it is not necessary for us to decide, and we express no opinion as to the precise meaning and extent of the final clause of section 53, to which we have referred; as, *whether it relates to all patents, or only to patents for machines.* But as it relates to the matter of evidence alone, it cannot enlarge the power of the commissioner in reference to the invention for which a reissue may be granted." (Italics ours.)

In Walker on Patents (6th Ed.) vol. 1, p. 366, it is stated: "§ 284. The last clause of Section 4916 of the Revised Statutes provides, that 'When there is neither model nor drawing, amendments may be made upon proof, satisfactory to the Commissioner, that such new matter or amendment was a part of the original invention, and was omitted from the specification by inadvertence, accident, or mistake.' The meaning of that clause is not perfectly known; but it is known not to enlarge the power of the Commissioner, in reference to the invention for which a reissue may be granted."

In arriving at a construction of the portion of section 4916 here under consideration, we are at once confronted with the proposition that under appellants' theory they may secure in their reissue application

claims which they could not have secured in their original application under any circumstances. Such a theory is so foreign to all the principles upon which the reissue of patents is based that the language should not receive such construction if any other reasonable construction be permissible. The very words "inadvertence, accident, or mistake" imply that an applicant could have secured the allowance in his original application of claims sought in his reissue application had not there been "inadvertence, accident, or mistake" which could have been, but was not, corrected after the filing date of his original application and before the issuance of his original patent. In the case at bar the claims here involved could not, upon the record before us, have been allowed in the original application. It would therefore seem that here there was no "inadvertence, accident, or mistake" in the sense that those words are used in the first part of section 4916. However, this was not a ground of rejection by the Patent Office tribunals, and under our rule we may not base our decision upon that ground. In re Tucker and Reeves, 54 F.(2d) 815, 19 C.C.P.A.(Patents) 810.

However, it is not the province of the courts to correct anomalies in statutes, if such there be.

It is the contention of the Solicitor for the Patent Office that the words "new matter" last used in section 4916 should be given their literal, popular meaning, while the same words, where they first occur in the section, should be given the meaning that they have in patent law.

We do not find it necessary to decide that question here, for we think a fair construction of the part of the last clause in section 4916, following the words "but no new matter shall be introduced into the specification," is that it applies only to patents for machines, and we shall endeavor to analyze the clause and state why we come to this conclusion.

The provision begins with the unqualified statement—"but no new matter shall be introduced into the specification." Thus far this is in accord with the rule regarding original applications. The next word in the provision is "nor," thus implying a limitation additional to the clause immediately preceding, and this additional limitation is confined to machine patents, the language being "nor in the case of a machine patent shall the model or drawings be amended, except each by the other." That is to say, that in the case of machine patents, where there are both model and drawings, the rule is more rigid with respect to a reissue application than in the case of an original application, for we find nothing in the law relating to original applications, or in the rules of the Patent Office, requiring that models and drawings can not be amended "except each by the other." Then follows, in the provision under consideration, the word "but," followed by the words "when there is neither model nor drawing," etc. Machine patents are still the subject-matter, as we view it, and therefore the clause should be construed as reading, "but when there is neither model nor drawing [in a machine patent], amendments may be made," etc. Under this construction, while Congress in the case of machine patents, accompanied by a model and drawing, established a rule upon reissue more restricted than in the case of an original application, it sought to make clear that, in case there was no model or drawings in respect to machine patents, the general rule respecting original applications would not be restricted.

Whether, in the case of a machine patent where there is neither model nor drawing, new matter, in the sense of those words in patent law, may be introduced under the conditions named in the provision, we are not called upon here to decide. The patent issued to appellants, and for which they seek a reissue, is not for a machine.

In the case of Giant Powder Co. v. California Powder Works, supra, the Supreme Court stated it was not necessary to decide whether the provision here discussed was confined to machine patents. We think the interpretation we have given it is not unreasonable and is in harmony with accepted rules of statutory construction. If the language following the word "but," where it last occurs in the section, should be considered as in the nature of a proviso, or exception, the rule seems to be that its application is to the immediately preceding parts of the clause to which it is attached. We quote from Lewis' Sutherland, Statutory Construction, vol. 2, § 352, as follows: " * * * It [the proviso] should be construed with reference to the immediately preceding parts of the clause to which it is attached. In other words, the proviso will be so restricted in the absence of anything in its terms, or the subject it deals with, evincing an intention to give it a broader effect. * * *"

A number of cases are cited in the footnotes supporting the rule above quoted.

In our opinion there is nothing in section 4916 indicating that, even if the said language following the word "but" should be treated as a proviso, it should be extended to all patents, including machine patents. If the words "new matter," as last used in the section, should be construed as meaning new matter in a patentable sense, which question we do not here decide, the anomaly will not be so great under our construction as it will be if we construe the language following the word "but," where last used, as applying to all patents.

Since the reissue application here involved clearly contains new matter, as those words are used in patent law, and since it does not involve a machine patent, under the construction which we have given the section the decision of the Board of Appeals must be affirmed.

Affirmed.